Robert ROBERSON, Plaintiff–
Appellant,

v.

CHELAN COUNTY, a corporate body in
the State of Washington; Chelan
County Jail, a corporate body in the
State of Washington; Tim Parks, De-
fendants–Appellees.

No. 98–36043.

D.C. No. CV–97–00318–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2000.

Decided Jan. 8, 2001.

Before ALARCÓN, FERGUSON,
McKEOWN, Circuit Judges.

### ORDER

The memorandum disposition which was
filed November 9, 2000 is amended and
therefore the petition for rehearing is de-
nied.

### AMENDED MEMORANDUM [1]

Robert Roberson appeals the district
court's amended judgment setting aside
the jury award of $231,000 and awarding
nominal damages in the amount of $1.00 on
his claim under 42 U.S.C. § 1983 that Che-
lan County and Chelan County Jail violat-
ed his civil rights by failing to protect him
during his incarceration. He also appeals
the district court's denial of his motion for
reconsideration of the above judgment,

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

and the district court's order denying his motion for attorney's fees. Because Roberson's appeal of the amended judgment is dispositive, we need not address the other claims at this time.

■ This court reviews the district court's grant of a renewed motion for judgment as a matter of law *de novo*. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000).

■ Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *Gilbrook v. City of Westminster*, 177 F.3d 839, 864 (9th Cir.1999).

■ The jury in this case gave two contradictory answers to special interrogatories: in one answer they found no proximate causation for Appellees' deliberate indifference, and in another they found proximate causation for Appellees' violation of Roberson's civil rights. The district court focused on the first answer, suggesting that without a finding of proximate causation for deliberate indifference, there could be no award in the failure to protect claim. The district court did not suggest that it would have been unreasonable for the jury to find proximate causation for deliberate indifference, simply that they did not do so.

At the same time, the jury also found that sufficient proximate causation existed. This is inherent in its conclusion that compensatory damages should be awarded for the deprivation of civil rights proximately caused by Chelan County and Chelan County Jail.

Because the jury answers cannot be reconciled, the district court erred in awarding nominal damages. We reverse and remand for a new trial on Roberson's federal failure to protect claim.